IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WESLEY IRWIN, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 17-1246 |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging disability since May 27, 2013. (ECF No. 8- 5, pp. 7, 14). Administrative Law Judge ("ALJ"), John J. Porter, held a hearing on February 29, 2016. (ECF No. 8-2, pp. 39-88). On May 4, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 11-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B.     **Residual Functional Capacity ("RFC")** [2]

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. (ECF No. 11). Specifically, Plaintiff suggests that the ALJ failed to adequately explain how he arrived at his RFC determination with reference to the evidence. *Id.* As a result, Plaintiff argues that remand is warranted. *Id.* After a review of the evidence, I disagree.

There is no requirement that the ALJ set forth his RFC assessment in a particular formulaic manner. In accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the evidence in determining the RFC and he must sufficiently explain his rationale for doing so such that a reviewing court may to conduct a meaningful and proper review. *See,* 20 C.F.R. §§404.1527; 416.927. Consistency and supportability, *inter alia,* are valid reasons to consider in weighing opinion evidence. 20 C.F.R. §§ 416.927, 404.1527

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff could perform light work with exceptions. (ECF No. 8-2, p. 16).

3

(discussing the evaluation of medical opinions).

In this case, the ALJ determined Plaintiff has the RFC to perform light work with both mental and physical limitations. (ECF No. 8-2, pp. 16-25). In so doing, the ALJ thoroughly, and in detail, discussed all of the evidence in the case setting forth that evidence which was consistent and that which was inconsistent. (ECF No. 8-2, pp. 16-26). In the end, the ALJ weighed the opinion evidence in context with the record as a whole and set forth his reasons for the same. (ECF No. 8-2, p. 25). I find this to be an adequate and appropriate manner for setting forth his determination. After review, I find I am able to conduct a meaningful review. Contrary to Plaintiff's position, the ALJ considered and adequately explained how he arrived at Plaintiff's RFC, including Plaintiff's lifting/carrying and sitting abilities. (ECF No. 8-2, pp. 17-25). Furthermore, I find that the ALJ's RFC is based on substantial evidence. *See*, 8-2, pp. 16-25. Therefore, I find that remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN WESLEY IRWIN, )
        Plaintiff, )
  -vs- )   Civil Action No. 17-1246
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 29th day of January, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

                BY THE COURT:

                s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.